17AMY, J.,
concurring.
I subscribe to the majority opinion in this matter. However, I write separately in order to address the claimant’s contention that the termination of supplemental earnings benefits, as of May 15, 2002, must be reversed due to the recent decision of the Louisiana Supreme Court in Fontenot v. Reddell Vidrine Water Dish, 02-0439, 02-0442, 02-0478 (La.1/14/03), 836 So.2d 14.
In Fontenot, as in the present case, the claimant changed his residency from the geographic area of the employer to one some distance away. The claimant’s vocational rehabilitation services were not continued in the claimant’s new locale in the case before the supreme court. The supreme court observed that La.R.S. 23:1226(B)(2), the statute regarding the *698 provision of vocational rehabilitation services, requires that “ ‘[wjhenever possible, employment in a worker’s local job pool must be considered and selected prior to consideration of employment in a worker’s statewide job pool.’ ” Focusing on the specific language of this statute, the supreme court found that, “for purposes of vocational rehabilitation, it is the duty of the vocational rehabilitation consultant to examine the job pool in the worker’s geographic area.” Id. at p. 21; 28. Accordingly, the supreme court reversed the denial of attorney’s fees related to the discontinuation of services and remanded the matter for consideration of that claim.
In the case now before us, the claimant contends that the Fontenot decision | vindicates he is entitled to the continuation of SEBs as the employer demonstrated the availability of positions in the employer’s locale, but did not demonstrate the availability of a position in his new place of residence.
Although Fontenot addresses La.R.S. 23:1226(B)(2), the vocational rehabilitation provision, it also addresses La.R.S. 23:1221(3)(c)(i), the SEB provision. Considering both statutes, the supreme court noted that La.R.S. 23:1221(3)(c)(i), the provision related to SEBs, is more general in its wording. The supreme court stated that “for purposes of determining supplemental earnings benefits it is appropriate to consider employment that is ‘proven available to the employee in the employee’s or employer’s community or reasonable geographic region.’” Fontenot at p. 20; 836 So.2d at 28. The court continued, stating: “Accordingly, as regards supplemental earnings the inquiry must focus on employment shown available in either the employee’s or the employer’s geographic area.” Id. at 20; 28. (Emphasis added). It is under this more broadly worded statute, La.R.S. 23:1221(3)(c)(i), that the claimant in this case seeks relief. As the employer demonstrated the availability of employment in one of these locations, I find no merit in the claimant’s assertion that Fontenot requires a reversal of the worker’s compensation judge’s ruling in this regard.